FILED
SUPERIOR COURT
OF GUAM
2019 MAR 12 PM 4 11
CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0071-19 |
| vs. | DECISION AND ORDER |
| STEVE ALAMO ALAMO, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 11, 2019, for hearing on Defendant Steve Alamo Alamo's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Woodrow Pengelly was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on March 11, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

Defendant is charged with Family Violence (As a Misdemeanor) and Harassment (As a Petty Misdemeanor). (Magistrate's Compl., Feb. 9, 2019). These charges stem from allegations that during an argument, Defendant grabbed his girlfriend's shirt by the collar and pushed her causing her head to hit the wall. (Decl. of Brendlynn O. Joseph, Magistrate's Compl., Feb. 9, 2019). The alleged victim subsequently fled the residence with her minor children. *Id.*

*People v. Alamo*
Case No. CM0071-19
Decision and Order

On February 26, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $2,000 cash bail. *See* Commitment Order, Feb. 9, 2019. The Government did not file a written response to the motion.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the two thousand dollar ($2,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Feb. 26, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i) length of his/her residence on Guam;

    (ii) his/her employment status and history, and financial condition;

    (iii) his/her family ties and relationships;

    (iv) his/her reputation, character and mental and physical condition;

    (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi) his/her history relating to drug or alcohol abuse;

    (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he has lived on Guam for the past twenty-one years, is employed by Pacific Tyre. (Mot. Bail Redetermination at 2).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and his ability to comply with court orders. Defendant has another pre-trial matter, Superior Court Criminal Case No. CM0547-18, whereby he is also charged with Family Violence (As a Misdemeanor) against the same victim. *See* Magistrate's Compl.,

Nov. 15, 2018. The alleged events forming the basis of the instant matter occurred less than three months from that of CM0547-18.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for April 2, 2019 at 9:00 AM.

**IT IS SO ORDERED,** *nunc pro tunc* to March 11, 2019, this _____ **MAR 12 2019** _____.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

AG's, PDSC

Date 3-12-19 Time 4:15pm

Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Alamo*
Case No. CM0071-19
Decision and Order